IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CAMERON MASON,**

    Petitioner,

v.

**WARDEN, WARREN CORRECTIONAL INSTITUTION,**

    Respondent.

**CASE NO. 2:16-CV-1134**
**CHIEF JUDGE EDMUND A. SARGUS**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on a motion (ECF No. 17) filed by Petitioner asking the Court to accept and consider his untimely objections (ECF No. 16) to the Magistrate Judge's October 13, 2017, Report and Recommendation ("R&R"). (ECF No. 13.) For the reasons that follow, Petitioner's motion is **GRANTED**. (ECF No. 17.) The Court **VACATES** its November 3, 2017, Opinion and Order. (ECF No. 14.) Pursuant to 28 U.S.C. § 636(b), this Court has also conducted a *de novo* review. (ECF No. 16). For the reasons that follow, the R&R (ECF No. 13) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability ("COA").

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) On October 13, 2017, the Magistrate Judge issued a R&R recommending that this action be dismissed. (ECF No. 13.) The R&R advised Petitioner that he had fourteen days, or until October 27, 2017, to file objections to the R&R. (*Id.*) Because no objections were filed by that date, on November 3, 2017, the Court adopted and affirmed the R&R and this action was dismissed. (ECF No. 14.) On November 7, 2017, Petitioner filed untimely objections. (ECF

No. 16.) Approximately eight months later, Petitioner filed the instant motion asking the Court for leave to file his untimely objections. (ECF No. 17.) In that motion, Petitioner asserts that he did not receive the R&R until October 27, 2017, the day that his objections were due. (*Id.*) Petitioner also attaches to his motion a legal mail log demonstrating that his institution received a mailing from this Court on October 26, 2017, and that he signed for that piece of mail the following day. (*Id.*)

Generally, the failure to file timely objections to a Magistrate Judge's report and recommendation results in the waiver of the right to have a District Court Judge review that report and recommendation de novo. *See* Fed. R. Civ. Pro. 72(b)(3) (providing that a "district judge must determine de novo any part of a magistrate judge's disposition that has been *properly* objected to") (emphasis added). Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides, however, that when an act must be done within a specified time, a court may, for good cause shown, extend the time to perform that act "on a motion made after the time has expired if the party failed to act because of excusable neglect." When determining if neglect is excusable, the Court balances five principle factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006), citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). The determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co.*, 507 U.S. at 395.

In this case, Petitioner's reason for the untimely objections— that he did not receive the Magistrate Judge's R&R until the day that his objections were due— is generally excusable and due to circumstances outside of his control. In addition, although the motion asking the Court to accept and consider the objections was filed long after the October 27, 2017, deadline, the objections themselves were filed only eleven days late, and less than fourteen days after Petitioner alleges that he received the October 13, 2017, R&R. Moreover, Respondent has not opposed Petitioner's motion. On these facts, the Court **GRANTS** Petitioner's motion asking the Court to consider his untimely objections. *See Vogel v. U.S. Office Prod. Co.*, 258 F3d 509, 515 (6th Cir. 2001) (explaining that "where a party files objections after [the time period allowed by rule] a district court can still consider them").

Upon de novo review, the Court finds that Petitioner's objections are not well taken. Petitioner alleges that there was insufficient evidence to support his state court conviction for one count of rape in violation of Ohio Revised Code 2907.02(A)(1)(c). (ECF No. 1.) That statute provides that:

> (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender . . . , when any of the following applies:
> . . .
> (c) The other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age.

Ohio Rev. Code § 2907(A)(1)(c). Petitioner contends that the evidence was insufficient to allow a rational trier of fact to find that he knew or had reasonable cause to believes that his victim's ability to consent was substantially impaired because she was intoxicated. (ECF Nos. 1, 11.)

The Magistrate Judge, however, concluded that the jury heard "ample evidence from which it could have concluded that [the victim] was 'substantially impaired' and that Petitioner

3

was aware of her impairment." (ECF No. 13.) The record evidence supports that conclusion. The Magistrate Judge correctly found that the victim testified that after she had been drinking at a graduation party for a substantial period of time she woke from sleeping and discovered that someone was having sex with her. (*Id.*) The Magistrate Judge correctly found that the victim also testified that she did not give anyone permission to have sex with her and testified that it is not possible for anyone to give such permission when sleeping. (*Id.*) The Magistrate Judge noted that another witness testified that the victim appeared "pretty drunk" and that after she vomited, he carried her into a room and laid her down in a bed where she then passed out. (*Id.*) The Magistrate Judge further noted that a second witness testified that she saw the victim drinking the day of the assault and later saw her sleeping, not moving at all, even after several hours, in the room where the rape later took place. (*Id.*)

Petitioner does not contend that the Magistrate Judge erred because the record does not contain such evidence. Instead, Petitioner points to other purportedly conflicting evidence about the victim's impairment and to purported inconsistencies between the testimony of witnesses that might undermine their credibility. Nevertheless, in a sufficiency of the evidence challenge, "it is the responsibility of the jury–not the court– to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011). "A reviewing court does not re–weigh the evidence or re–determine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Accordingly, the "mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89. Because there is record evidence to support a finding that the victim was impaired, and that Petitioner knew or had reasonable cause to believe that she was impaired, the Magistrate Judge

correctly found that the Court cannot conclude that no rational trier of fact could have agreed with the jury. *Cavazos,* 565 U.S. at 2.

For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's R&R, Petitioner's objection (ECF No. 16), is **OVERRULED.** The R&R (ECF No. 13), is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* —U.S.— , —, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Upon review of the record, this Court is not persuaded that reasonable jurists could debate whether Petitioner's

5

claims should have been resolved differently or that jurists of reasons would find it debatable whether this Court was correct in its procedural rulings. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** and terminate this case.

**IT IS SO ORDERED.**

11-28-2018
DATE

EDMUND A. SARGUS JR.
**CHIEF UNITED STATES DISTRICT JUDGE**